UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KIMBERLY D. DOUGLAS,
          Appellant,

      v.

DEPARTMENT OF JUSTICE,
          Agency.

DOCKET NUMBER
AT-0752-17-0134-I-1

DATE: June 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa M. Ross, Esquire, Jackson, Mississippi, for the appellant.

Jennifer Spangler, Esquire, Kansas City, Kansas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant filed an appeal of the agency's action removing her from her Associate Warden's Secretary position at the agency's Bureau of Prisons.  Initial Appeal File (IAF), Tab 1, Tab 4 at 8.  The administrative judge suspended the appeal for 30 days to allow time for the parties to either execute a tentative settlement they had reached or proceed with the appeal.  IAF, Tab 12.  Two weeks later, the parties returned an executed settlement agreement to the administrative judge.  IAF, Tab 13.  The administrative judge found that the parties freely and voluntarily entered into the settlement agreement and that the terms of the agreement were lawful on their face.  IAF, Tab 14, Initial Decision (ID) at 1.  The administrative judge therefore approved the agreement and, in keeping with the parties' wishes, entered it into the record for enforcement purposes and dismissed the appeal as settled.  ID at 2.

¶3        In her May 8, 2017 petition for review, the appellant states in a sworn declaration that she did not freely and voluntarily sign the agreement because the administrative judge only gave her 24 hours to decide whether to accept it.

Petition for Review (PFR) File, Tab 1 at 7, 10.[2]  The agency responds in opposition to the appellant's petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      A party may challenge the validity of a settlement agreement if she believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013).  To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that she involuntarily accepted the other party's terms, circumstances permitted no other alternative, and such circumstances were the result of the other party's coercive acts.  *Id.*  The party challenging the validity of the settlement agreement bears a "heavy burden."  *Id.*  An appellant's post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement.  *Id.*; *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 10 (2000).

¶5      Although the appellant now claims that the administrative judge gave her 24 hours to decide whether to accept the settlement agreement and that this coerced her to sign the agreement, the record reflects that the parties reached a tentative agreement in February 2017 and that about 3 weeks later, the administrative judge suspended case processing to afford the parties enough time to determine how to proceed.  IAF, Tab 12.  Although the administrative judge instructed the appellant to respond immediately to indicate whether she agreed to the terms of the parties' tentative agreement, he also made clear that the appellant retained the choice to continue her appeal and he set dates for prehearing

---

[2] We find that the petition for review was timely filed.  The appellant filed the petition for review more than 35 days after the date of issuance of the initial decision.  ID at 1, 3; *see* 5 C.F.R. § 1201.114(e) (setting forth the deadlines for filing a petition for review).  However, she has submitted a sworn declaration that she received the initial decision on April 10, 2017, more than 5 days after its issuance, and the record reflects that she filed her petition within 30 days of her April 10, 2017 receipt of the initial decision.  IAF, Tab 15; PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e), (g).

submissions, a prehearing conference, and a video hearing if she decided to do so. *Id.*

¶6    The parties submitted the agreement on March 27, 2017, two weeks after the administrative judge issued his order suspending the appeal. IAF, Tab 12, Tab 13 at 7. Save for the sworn affidavit accompanying her petition for review, PFR File, Tab 1 at 10, nothing in the record supports the appellant's assertion that she felt pressured to sign the settlement agreement. Moreover, even if she had been given only 24 hours to make her decision whether to settle the appeal, an approaching deadline does not mean that the situation was coercive. The agency was under no obligation to settle the case and the record reflects that neither the choice itself nor the circumstances under which its offer was made were the result of improper agency action. *See Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1334-35 (Fed. Cir. 2008) (declining to find that an agency coerced an employee into signing a settlement agreement when it told him he must sign it that day or the agency would proceed with his proposed removal). Thus, the appellant has not shown that she involuntarily accepted the agency's terms, that the circumstances permitted her no other alternative, or that such circumstances were the result of the agency's coercive actions. *See Hinton*, 119 M.S.P.R. 129, ¶ 4.

¶7    Accordingly, we affirm the initial decision dismissing the appeal as settled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.